Matter of Law Offs. of Abe George, P.C. v Office of the Richmond County Dist. Attorney (2025 NY Slip Op 02919)

Matter of Law Offs. of Abe George, P.C. v Office of the Richmond County Dist. Attorney

2025 NY Slip Op 02919

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-04159
 (Index No. 85008/22)

[*1]In the Matter of Law Offices of Abe George, P.C., etc., petitioner-respondent, 
v
Office of the Richmond County District Attorney, respondent, Michael McMahon, etc., appellant.

Michael E. McMahon, sued herein as Michael McMahon, District Attorney, Staten Island, NY (Morrie Kleinbart, Thomas Litsky, and George D. Adames of counsel), appellant pro se.
Law Offices of Abe George, P.C., New York, NY, petitioner-respondent pro se.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), Michael McMahon appeals from a judgment of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated May 12, 2022. The judgment granted the petition to the extent of permitting the petitioner to review in chambers, with court supervision, the unredacted records produced to the court.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner, a law firm representing an incarcerated person, made a request pursuant to the Freedom of Information Law (hereinafter FOIL) (Public Officers Law art 6) to the Office of the Richmond County District Attorney (hereinafter the RCDA) for copies of "all police paperwork including DD-5's, witness statements, and any other materials by any other law enforcement or prosecuting agency that contain factual statements pertaining to the . . . unsolved homicide" of a certain person who was murdered in 1991. The request was, in effect, denied, and the denial was upheld after an administrative appeal. The petitioner commenced this proceeding pursuant to CPLR article 78 to compel disclosure of the requested records pursuant to FOIL. During the pendency of the proceeding, the RCDA provided redacted copies of the requested records to the petitioner and unredacted copies of the requested records to the Supreme Court. In a judgment dated May 12, 2022, the court granted the petition to the extent of permitting the petitioner to review in chambers, with court supervision, the unredacted records produced to the court. Michael McMahon, the District Attorney of Richmond County, appeals.
"To promote open government and public accountability, . . . FOIL imposes a broad duty on government to make its records available to the public" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274; see Public Officers Law § 84). FOIL provides that, unless otherwise specifically exempted, all records of a public agency are presumptively open to public inspection and copying (see Public Officers Law § 87[2]; Matter of Gould v New York City Police Dept., 89 NY2d at 274-275; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d [*2]562, 566). The limited categories of records that may be withheld are enumerated in FOIL (see Public Officers Law § 87[2]). Consistent with the policy of broad public access, the exemptions are to be narrowly construed, and the burden rests on the agency to demonstrate that the requested material qualifies for exemption (see id. § 89[4][b]; Matter of Friedman v Rice, 30 NY3d 461, 475).
In light of the presumption of accessability and the narrow interpretation we are required to apply to a claimed exemption, the RCDA and McMahon failed to meet their burden of establishing that the unredacted records were exempt from disclosure pursuant to Public Officers Law § 87(2). Accordingly, we affirm the judgment.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court